CITY OF UNION CITY, BY DIRECTOR OF WELFARE FOR UNION CITY, NEW JERSEY, PLAINTIFF-RESPONDENT, v. EDWARD MOBSBY, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued August 13, 1951—Decided September 5, 1951.

Before Judges JACOBS, PROCTOR and WAESCHE.

*Mr. James. Rosen* argued the cause for the appellant.

*Mr. Cyril J. McCauley* argued the cause for the respondent (*Mr. Samuel Moskowitz* of counsel).

The opinion of the court was delivered by

JACOBS, S. J. A. D. This is an appeal from a judgment entered in the Juvenile and Domestic Relations Court of Hudson County which determined that the defendant is the father of Jo Ann Savino, a child born to Anne Savino out of wedlock, and directed that he pay the sum of $5 per week for her support.

The Director of Welfare of the City of Union City instituted filiation proceedings against the defendant under the provisions of *R. S.* 9:17–2 and preliminary examination was conducted before the judge of the Juvenile and Domestic Relations Court of Hudson County under *R. S.* 9:17–4. The defendant denied that he was the father of the illegitimate child and thereafter trial before the court and a jury was held under *R. S.* 9:17–8. At the trial Anne Savino testified that the defendant had sexual relations with her and was the father of her child. On direct examination she described the times and circumstances of the alleged acts of intercourse. On cross-examination she stated that she recalled having testified during the preliminary examination before the court. Counsel for the defendant then sought to interrogate her as to her earlier testimony but was interrupted by the court's inquiry as to whether that was admissible. Thereupon counsel expressed the view that it was admissible to attack her credibility but the court ruled to the contrary on the ground that *R. S.* 9:18–32 precluded the use of her earlier testimony.

The defendant, testifying in his own behalf, disputed the testimony of Anne Savino and specifically denied that he was the father of her child or ever had any sexual relations with her. The matter was submitted to the jury which found that the defendant was the father of Anne Savino's child and judgment of filiation was duly entered. The defendant's

appeal rests primarily upon the contention that there was prejudicial error in the court's refusal to permit him to cross-examine Anne Savino as to her earlier testimony. At the argument on the appeal counsel for the defendant represented that her earlier testimony contained statements as to the times and circumstances of the alleged acts of intercourse which were materially inconsistent with those made by her at the trial, and counsel for the respondent asserted that he was not in position to state the contrary.

 R. S. 9:18–32 provides that no adjudication in a Juvenile and Domestic Relations Court upon the status of a child shall operate to impose any of the civil disabilities ordinarily imposed by conviction; it further provides that the disposition of a child or any evidence given in the court "shall not be admissible as evidence against the child in any case or proceeding in any other court." This statute was primarily designed to protect the juvenile offender against the use, in any later proceeding in another court, of the record and evidence against him in the Juvenile and Domestic Relations Court. Nowhere in its purpose or terms do we find support for the suggestion that, in a filiation proceeding, the credibility of the mother who has testified at the trial may not be attacked by establishing that she gave materially contradictory testimony at the preliminary examination before the trial. We are satisfied that, in the instant matter, the lower court erred in its ruling which precluded the defendant from cross-examining Anne Savino as to her earlier testimony for the purpose of attacking her credibility. And in view of the fact that the jury's determination rested entirely upon the credibility of Anne Savino's testimony we reject the contention that the limitation of her cross-examination was not prejudicial and did not injuriously affect the substantial rights of the defendant. Rule 1:2–20(b).

 The respondent urges that there should be no reversal because the defendant's counsel "did not point out to the court just what he intended to prove" by his cross-examination. When counsel sought to examine Anne Savino as to

her earlier testimony he expressly urged before the court that it was admissible to attack her credibility and in excluding it the court indicated its view that under *R. S.* 9:18–32 it was inadmissible for any purpose. Thereupon counsel noted objection and exception and the court stated "exception allowed." But *cf. Rule* 3:46. We consider that counsel's action fairly preserved the defendant's right to raise his point of error on appeal without further interrogation or elaboration on the subject.

The judgment is reversed and a new trial is ordered.